(No. 42088.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK MORANO, Appellant.

*Opinion filed March 24, 1970.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR. and HOWARD D. GETER, JR., of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the circuit court of Cook County the defendant, Frank Morano, was found guilty of the crime of gambling. (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(5).) He was fined $100 and placed on probation for two years.

Defendant was convicted upon the basis of evidence obtained in the course of a search of his newsstand made pursuant to a search warrant. Upon this appeal he contends that his constitutional rights were violated because the search warrant was issued without probable cause.

The warrant was issued pursuant to an affidavit executed by Patrolman Adolph Ramos, who was assigned to conduct an investigation concerning gambling at a newspaper stand located at a street intersection in Chicago. The affidavit stated:

"(1) Affiant: I, Patrolman Adolph Ramos, an Intelligence Division Investigator, was assigned to conduct an investigation concerning gambling at a newspaper stand, located on the northeast corner of West 26th Street, and Homan Avenue, Chicago, Illinois.

(2) Surveillances: (A) On August 8, 1968, Patrolman Vallejo and myself conducted a surveillance and observed the news vendor at the news-stand, holding white slips of paper with writing on them in his left hand, at the time that he handed me change for the purchase of a newspaper. At about 12:00 P.M., the news vendor proceeded to the Goldblatt's Department store cafeteria, located at 3311 W. 26th Street. The vendor was observed passing an unknown quantity of white slips of paper with writing on them to two unknown male/whites, and then the vendor returned to the newspaper stand. (B) On 9 August 1968 Patrolman Vallejo and myself maintained a surveillance of the news-stand and observed the news vendor taking a hand-full of white slips of paper with writing on them and an unknown amount of U.S. Currency from an unknown white male. (C) On 13 August 1968 Patrolman Vallejo and myself maintained a surveillance of the news-stand located on the north side of 26th Street, at the east corner of Homan Avenue. At 9:00 A.M., an unknown male/white was observed handing a number of slips of white paper with writing on them and an unknown amount of U.S. Currency to Frank Morano, the news vendor.

At 10:00 A.M., an unknown male/white handed the vendor (Frank Morano) a slip of paper and an unknown amount of U.S. Currency."

The affidavit further recited that based upon the foregoing information the affiant believed that the newspaper stand "is used for the purpose of accepting wagers and that records and evidence of such wagers and wagering monies will be found therein."

The defendant contends that the affidavit failed to set forth sufficient facts to show that probable cause existed for the issuance of the search warrant. He bases this contention upon the fact that the defendant's name is not stated in each paragraph of the affidavit, and upon the fact that there is no showing in the affidavit as to how the officer knew whether Frank Morano was the same news vendor he had observed upon all of the occasions set forth in his affidavit. The defendant also contends that from the statements in the affidavit "there is no reason why a reasonable and prudent man would think that they might find anything in the

above-described news stand except newspapers and other things which he might legally have for sale."

We disagree with both contentions. It was unnecessary to name the defendant as the news vendor referred to in each of the paragraphs of the affidavit. From an examination of the affidavit as a whole it is reasonably apparent that the affidavit intends to refer to the same person in each of its paragraphs, and if it did not its sufficiency would not be adversely affected. The fact that the conduct described in the affidavit does not of itself amount to a violation of the law is immaterial. The conduct which the officer observed was, in our opinion, sufficient to justify the judicial officer who issued the search warrant in concluding that there was probable cause to believe that gambling was being conducted at the newsstand.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*