(No. 42070.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DOROTHY ADAMS *et al.,* Appellants.

*Opinion filed September 22, 1970.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR., and HOWARD D. GETER, JR., of counsel,) for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

After a bench trial in the circuit court of Cook County the defendants Dorothy Adams, Lucy Hammer, Eleanor Green, Pauline Smithers, Elnora Christmas, Myrtle Johnson, Bessie Cole, J. S. Bray, and Ida Hines were found guilty of the crime of gambling. (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(8).) Each was fined $500.

They were convicted on the basis of evidence obtained in the course of a search, under a warrant, of a second floor apartment in Chicago. At the time of the execution of the search warrant the defendants were found in possession of certain evidence used in a gambling operation. On appeal they contend that their constitutional rights were violated because the search warrant had been issued without probable cause.

The issuance of the search warrant was founded on the affidavit of Officer Robert Beavers of the Chicago Police Department. The affidavit recited in part: "I am a Chicago Police Officer assigned to the Gambling Unit. On 6 May 1968 at about 1:00 P.M., I happened to be in the vicinity of 79th St. and Drexel Ave. conducting a gambling investigation when I observed one Robert Jackson, known to me as a Field man for the 'Windy City' Policy wheel parked in his 1963 red Chevrolet sedan, Ill. Lic. # (68) CT-8170. I also recognized such runners for the same Policy wheel, from previous arrests by me as Albert Harding, John Mack and Burt Turnbo handing Jackson Policy bets which the latter placed in a brown paper bag which he sat on the seat next to him. When the runners left in their autos, I followed Robert Jackson to the 46th. block on Michigan Ave., Chgo. Ill. where he met an unidentified female who was standing in the street. I saw Jackson hand the brown paper bag to

this female and left. I then watched the female walk cross the street where she entered the 2nd floor apartment at 4621 S. Michigan Av. carrying the bag given her by Jackson. This was at about 1:40 P.M. At 2:45 P.M. I observed the same female leave the 2nd floor apartment without the brown paper bag.

"On 7 May 1968 at about 1:05 P.M. I again observed the same Policy runners meet Robert Jackson and give him Policy bets which he again placed in a brown paper bag carrying same to the 4600 block of Michigan Ave. and meeting the same female who took the bag into 4621 S. Michigan Ave., 2nd Apt.

"Based on the above investigation, I believe that the 'Windy City' Policy wheel is now conducting their Office HQ. in the 2nd floor Apt. at 4621 S. Michigan Ave., Chgo, Ill. and that the above listed evidence is to be confiscated therein."

The defendant's argument is that the affidavit fails to set forth facts sufficient to allow the finding that probable cause existed for the issuance of the search warrant. A specific contention they make is that the affidavit does not disclose how the officer saw or otherwise knew that the woman referred to in the affidavit entered the second floor apartment at 4621 South Michigan Avenue. Lacking that, the defendants contend, the affidavit could not establish probable cause for the issuance of a search warrant of the apartment.

We must reject the contention that the affidavit was not sufficient on its face to authorize the judicial officer to find that there was probable cause for the issuance of the search warrant for the apartment. The conduct described warranted the conclusion that there was probable cause to believe there was gambling activity in the apartment. (*Cf. People* v. *Morano,* 45 Ill.2d 60. The affiant-officer's declaration that the woman entered the apartment was not an impossible observation and we consider that probable cause

could be found from the recital of the affidavit alone. (*Cf. People* v. *Bak,* 45 Ill.2d 140.) That the observation was not an impossible one was made clear when the affiant, who was called by the defendants at the hearing on the motion to suppress, testified that he knew the woman had entered the apartment simply because he could see her through the open windows of the apartment. We reject the suggestion of the defendants that it was necessary to consider this testimony in addition to the contents of the affidavit in order to find probable cause.

The trial court properly denied the defendants' motion to quash the search warrant and suppress the evidence. *Cf. People* v. *Morano,* 45 Ill.2d 60.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*