[No. 1429-2.     Division Two.     August 19, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. CARMEN GARY GALLOWAY, *Appellant*.

*J. Dean Morgan* of *Clark County Legal Defender Service*, for appellant.

*James E. Carty, Prosecuting Attorney*, and *Thomas C. Duffy, Deputy*, for respondent.

BRYAN, A.C.J.*—At a trial before the court, sitting without a jury, Carmen Gary Galloway was convicted on one count of possession of amphetamines, a controlled substance. Prior to trial, motions to suppress physical evidence and statements made by Galloway were denied. This appeal attacks the motion judge's rulings denying the motions to suppress.

---

*Judge Robert J. Bryan is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

On November 20, 1973, Clark County Sheriff's Deputies were searching a private apartment pursuant to a search warrant for drugs, when defendant Galloway arrived at the door, knocked and was invited in by one of the tenants of the apartment. The deputies questioned Galloway for 4 or 5 minutes during which time Galloway appeared to be nervous and kept his right hand in his overcoat pocket. Galloway's demeanor caused the deputies to be suspicious and concerned for their safety. Therefore, they asked him to empty his pockets. Galloway took a wallet and some change from his pockets and threw them on the bed. One of the deputies still being suspicious and concerned over whether Galloway had a weapon, patted the outside of Galloway's right coat pocket where he had been keeping his right hand. He felt a couple of long pointed objects and reached in and removed the items. The items removed were a hypodermic syringe, a hypodermic needle and some white crystalline powder which proved to be amphetamine, a controlled substance.

Following discovery of the amphetamines, the deputies questioned Galloway further which led to a statement by Galloway that he had more amphetamines in his car. After these additional controlled substances were retrieved, Galloway was arrested. He was not advised of his *Miranda* rights prior to his arrest.

This appeal raises three issues: 1. Was it proper to detain and question Galloway on his arrival at the apartment where a search warrant was being executed? 2. Should the amphetamines found as a result of the pat-down search be suppressed? 3. Should the amphetamines found in Galloway's car and the statements which led to their production be suppressed?

■ While executing a search warrant, police officers are justified in ascertaining whether any individual arriving on the scene may interfere with the search and in determining what business, if any, the individual has on the scene. *State v. Howard*, 7 Wn. App. 668, 502 P.2d 1043

(1972). It was not unreasonable for the deputies to detain and question Galloway for 4 or 5 minutes.

▅ Galloway claims that the pat-down of his clothing, which led to the discovery of the amphetamines, was a search for drugs and not for weapons and was therefore an illegal search under *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *Adams v. Williams*, 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921 (1972), and the fourth amendment to the United States Constitution. The deputies testified, however, that they were concerned about weapons in Galloway's coat pocket and wanted to see "whether there might be a gun in it or a knife or something of that nature." The motion judge's finding that Galloway's actions and conduct "were sufficient to cause suspicion and concern by the officers that their safety may be in jeopardy" is supported by the evidence and should not be disturbed here. Under these circumstances the pat-down and discovery of amphetamines were reasonable and proper. *Terry v. Ohio*, *supra*; *Adams v. Williams*, *supra*; *State v. Brooks*, 3 Wn. App. 769, 479 P.2d 544 (1970); *State v. Pristell*, 3 Wn. App. 962, 478 P.2d 743 (1970); *State v. Sinclair*, 11 Wn. App. 523, 523 P.2d 1209 (1974).

▅ Once an interrogation becomes accusatory or custodial, the suspect must be warned of his right to remain silent and of his other *Miranda* rights before further questioning. If the suspect is not so advised of his *Miranda* rights, a finding of voluntariness is precluded and statements thereafter made are inadmissible. *State v. Creach*, 77 Wn.2d 194, 461 P.2d 329 (1969); *State v. Cloud*, 7 Wn. App. 211, 498 P.2d 907 (1972). It is clear that upon discovery of the amphetamines on Galloway's person the confrontation had reached both an accusatory and custodial posture. Galloway's statements, and the amphetamines found in his car which were the fruits of his statements, should have been suppressed for lack of timely *Miranda* warnings. *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S.

Ct. 1684, 84 A.L.R.2d 933 (1961); *State v. Shoemaker*, 11 Wn. App. 187, 522 P.2d 203 (1974).

However, because Galloway was charged with and convicted of only one count of illegal possession of amphetamines, the admission of the second quantity of amphetamines which were found in his car was harmless error. If the trier of fact would not have found the State's case significantly less persuasive without the illegally procured evidence, the error is harmless. *State v. White Eagle*, 12 Wn. App. 97, 527 P.2d 1390 (1974). The evidence of the possession of amphetamines on Galloway's person was overwhelming and not significantly less persuasive without the evidence of the additional amphetamines found in his car.

Affirmed.

WIEHL and COCHRAN, JJ. Pro Tem., concur.

Petition for rehearing denied October 6, 1975.

Review denied by Supreme Court December 15, 1975.