THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SALLY HANDY, Defendant-Appellee.

First District (2nd Division)    No. 63163

Opinion filed December 21, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Howard D. Geter, Jr., of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

The State appeals, pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)), the trial court's granting defendant's motion to suppress certain evidence.

The issue before the court on review is whether the trial court erred in finding the search unlawful and suppressing the evidence gathered as a result of that search. Sally Handy (defendant) was charged with possession of policy paraphernalia in violation of section 28—1(a)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(a)(8)).[1]

On defendant's motion to suppress certain evidence, defense counsel called the arresting officer and established that the officer had no warrant to search or arrest defendant. The arresting officer further testified, when examined by the State, that she had been working in the gambling detail for three years, and had previously had the opportunity to observe policy forms of gambling; that she knew the defendant and had arrested her on a prior occasion for policy, but the prior arrest had not resulted in a conviction. On the date in question, the officer saw defendant standing on the public way at 4800 South Cottage Grove with a large brown bag. During the 15-20 minutes the arresting officer was observing defendant, four women approached defendant and gave her a small package which defendant placed in her bag. The packages given defendant appeared to be small envelopes which had been sealed and rolled up with a rubberband. The envelopes were similar in appearance to what the arresting officer had seen used at what is called the "turn-in." The "turn-in" as described by the witness is " * * * when they turn in their writings to another runner and these are taken to someone, you know, it is a relay. They are taken to someone else." The officer testified it was her opinion that the envelopes being placed in defendant's bag were policy writings and United States currency. Upon the trial court sustaining defendant's motion, the State appeals.

## I.

Before considering the merits of the case, we note defendant failed to file a brief with this court on appeal. Yet prior to oral argument defendant's trial counsel, who had been served with notice of the appeal, filed an affidavit with this court stating he had not been able to get in

---

[1] Section 28—1(a)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(a)(8)) reads:

"(a) A person commits gambling when he:
* * *

(8) Sets up or promotes any policy game or sells, offers to sell or knowingly possesses or transfers any policy ticket, slip, record, document or other similar device;"

touch with defendant concerning this appeal, and that as far as he knew defendant was unaware of the appeal. He further stated the facts as set forth in the State's brief were not a fair presentation of the facts as set forth in the trial, and he made a motion that this court allow him to participate in the oral argument of this case.

Supreme Court Rule 352(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 352(a)), pertaining to the conduct at oral argument on appeal, states:

" * * * No party may argue unless he has filed his brief as required by the rules and paid any fee required by law."

No such brief was filed in this court on behalf of the defendant. Thus the motion for permission to argue before this court was denied. We further note that the State waived oral argument pursuant to Supreme Court Rule 352. This court will consider the entire record in resolving the appeal on the merits of the case. *Cf. First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

## II.

The State contends that while the arresting officer had no warrant to search or arrest defendant, the search was conducted simultaneously with a lawful arrest. (Ill. Rev. Stat. 1973, ch. 38, par. 108—1.) The State argues the arrest was lawful because the arresting officer had reasonable grounds on which to believe defendant was committing the offense of knowingly possessing gambling policy paraphernalia. Ill. Rev. Stat. 1973, ch. 38, par. 107—2(c).

As noted in *People v. Wright* (1974), 56 Ill. 2d 523, 528, 309 N.E.2d 537, citing *People v. Wright* (1968), 41 Ill. 2d 170, 173-74:

" ' * * * It is well established that a search without a warrant is reasonable and valid if it is incident to a lawful arrest and there is no requirement that the arrest be under the authority of an arrest warrant. (*Ker v. California*, 374 U.S. 23, 41, 83 S. Ct. 1623, 10 L. Ed. 2d 726.) In turn, the validity of an arrest without a warrant depends upon whether the officers had reasonable cause to believe that an offense had been committed and that the defendant had committed it. (*People v. Jones*, 16 Ill. 2d 569, 573.) The test is not whether there is sufficient evidence to convict the arrested person, but probable cause exists for arrest where a reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense. (*People v. Hightower*, 20 Ill. 2d 361, 366.) In deciding the question in a particular case, courts deal with probabilities and are not disposed to be unduly technical. (*People v. Fiorito*, 19 Ill. 2d 246, 256.)' *People v. Jones*, 31 Ill. 2d 240, 243-4."

*Wright* describes probable cause as "reasonable grounds" and cites the

description given in *Brinegar v. United States* (1949), 338 U.S. 160, 175-76, 93 L. Ed. 1879, 1890, 69 S. Ct. 1302:

> " 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' * * * Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. [Citation.]
>
> These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. *Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability.*" (Emphasis added.)

Contrary to the determination of the trial court, we find the evidence presented at the suppression hearing in the case at bar, based upon the factual and practical considerations of everyday life, was sufficient to warrant a reasonable and prudent person having the knowledge possessed by the arresting officer to believe defendant was committing a crime. (*People v. Macias* (1968), 39 Ill. 2d 208, 213, 234 N.E.2d 783, *cert. denied*, 393 U.S. 1066; *People v. Wexler* (1st Dist. 1969), 116 Ill. App. 2d 400, 406, 254 N.E.2d 95.) The arresting officer had three years of experience on the police department gambling unit; defendant was known to be active in policy; the officer had arrested defendant for policy on a prior occasion; defendant was collecting envelopes similar to those used in policy; and the officer observed defendant collect such envelopes from four different persons within a span of 15-20 minutes.

Based on the evidence presented, the officer had probable cause to believe defendant was engaging in criminal behavior and the arrest and search were lawful. The trial court erred in allowing defendant's motion to suppress.

The judgment of the circuit court of Cook County is reversed.

Judgment reversed.

STAMOS, P. J., and JIGANTI, J., concur.