THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM G. RUSSELL, Defendant-Appellee.

First District (2nd Division)   Nos. 76-369, 76-370 cons.

Opinion filed February 8, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Jeffrey Singer, Assistant State's Attorneys, of counsel), for the People.

Howard D. Geter, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The State appeals from a judgment of the circuit court quashing a search warrant and suppressing evidence seized pursuant thereto. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) The State contends the affidavit for the search warrant contained sufficient basis to establish probable cause. Defendant, William Russell, has not filed a brief as appellee. In accord with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall consider the merits of the State's position.

On March 12, 1975, Police Officer Patrick Chambers, who was assigned to a gambling unit, filed a complaint for issuance of a search warrant for defendant's person and an automobile (as described in the case caption) in order to seize "policy wagers" and slips as well as other gambling paraphernalia. In the affidavit in support of said complaint Officer Chambers averred that a reliable informant had advised him about an individual, later identified as defendant by the affiant, who was known as a "policy runner" for the "Wind/Rain/Sun policy wheel." The affiant had known the informant for one year. The latter had given information culminating in six gambling raids and nine arrests. Four convictions had been obtained and one case was pending. After receiving this information, Officer Chambers twice observed defendant, who had been arrested numerous times by the affiant for being a "policy runner." Officer Chambers saw defendant enter various locations in a specified vicinity where prior arrests for "policy operations" had occurred. On the second occasion Officer Chambers saw defendant put papers in his shoes and pockets which the affiant recognized as "policy contraband." The search warrant was issued on March 12, 1975, and executed that day. A

criminal complaint charging defendant with a gambling offense was filed. Ill. Rev. Stat. 1975, ch. 38, par. 28—1(a)(8).

In the brief hearing on the oral motion to quash the search warrant and suppress evidence defense counsel's sole contention as to the validity of the complaint for the search warrant concerned the failure of Officer Chambers to set forth the substance of the information given him by the reliable informant. The trial court sustained defendant's motion. The cause was stricken with leave to reinstate and the property seized was ordered to be confiscated and destroyed.

## I.

■■ Our supreme court has recently reiterated the principles to be applied in testing the sufficiency of a search warrant based on information supplied by an anonymous informant. In *People v. Thomas* (1975), 62 Ill. 2d 375, 378, 342 N.E.2d 383, the court said:

> "In order to comply with the constitutional mandate that search warrants be issued only for probable cause, it is necessary whenever a search warrant is sought on the basis of information supplied by an anonymous informer that the issuing judge be provided with sufficient facts and circumstances from which he can determine the reliability of the informer and the accuracy of his present information. In *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, the Supreme Court stated the criteria to be employed in testing the sufficiency of an affidavit filed in support of issuance of a search warrant as follows: 'Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, [citation] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [citation], was "credible" or his information "reliable." Otherwise, "the inferences from the facts which lead to the complaint" will be drawn not "by a neutral and detached magistrate," as the Constitution requires, but instead, by a police officer "engaged in the often competitive enterprise of ferreting out crime," [citations], or, as in this case, by an unidentified informant.' "

In the present case the affidavit for the search warrant discloses a sufficient basis to establish the reliability of the informant predicated in prior information given to the police. The question remains whether there was sufficient information upon which to conclude that the defendant was engaged in illegal activities. The affidavit does not sustain a proper basis

to conclude that the informant gave such information. However, Officer Chambers' personal observation of defendant may be used to provide the basis to support the latter conclusion. *People v. Chriest* (5th Dist. 1976), 42 Ill. App. 3d 656, 659, 356 N.E.2d 587; *People v. Jefferson* (1st Dist. 1974), 25 Ill. App. 3d 445, 449, 323 N.E.2d 495.

■■ Officer Chambers saw defendant, a known "policy runner", in places where "policy" arrests had been made and he saw defendant secrete damaging materials on his person. This was a sufficient corroborative basis to justify issuance of the search warrant for his person. (See *People v. Adams* (1970), 46 Ill. 2d 96, 98-99, 262 N.E.2d 897; *People v. Morano* (1970), 45 Ill. 2d 60, 63, 256 N.E.2d 790.) Moreover, this court has recently sustained the validity of a warrantless arrest and search pursuant thereto based on factors establishing probable cause which are very comparable to the observations of Officer Chambers. (*People v. Handy* (1st Dist. 1976), 44 Ill. App. 3d 835, 358 N.E.2d 1230.) We discern no reason to reach a differing conclusion than in *Handy* on the record before us. The warrant as it pertains to the search of defendant's person was proper.

## II.

The record in this case does not show if property relating to defendant's alleged criminal activity was seized from the vehicle described in the search warrant. However, assuming that the automobile was searched and incriminating evidence was seized by police, we do not believe the search warrant may be utilized to sustain the validity of this action.

■■ It is well settled that the affidavit contained in the complaint for a search warrant must set forth facts upon which a reasonable conclusion might be made that the evidence is in the place to be searched. (*People v. George* (1971), 49 Ill. 2d 372, 377, 274 N.E.2d 26.) In this case, the affidavit is devoid of facts justifying the issuance of the warrant for the search of the automobile described therein. The affidavit does not state whether defendant owned the vehicle, whether he was in the vehicle at any time when Officer Chambers observed him or whether the vehicle was even in the locale of the alleged gambling activities. We conclude that the probable cause was not established to issue the warrant for the search of the automobile.[1]

## III.

■■ The question remains whether the partial invalidity of the search warrant renders it totally invalid. A search warrant may be issued which

---

[1] The search warrant must be quashed as it pertained to the vehicle. However, irrespective of the warrant's invalidity in this regard, this is not to suggest the State could not establish that any vehicle search was otherwise justified and evidence seized therefrom admissible. *People v. George* (1971), 49 Ill. 2d 372, 378, 274 N.E.2d 26.

authorizes the search of several distinct subjects if the requisite probable cause is shown for each. (*United States v. Hinton* (7th Cir. 1955), 219 F. 2d 324, 326.) Where the search warrant establishes the necessary probable cause to search one distinct person or place but is insufficient to justify the search of another described therein, it has been held, with limitations not applicable to this case, that the valid portion of the warrant may be severed, and the search conducted in accord with the valid portion of the warrant is proper. (*People v. Hansen* (1975), 38 N.Y. 2d 17, 377 N.Y.S. 2d 461, 339 N.E.2d 873, and authorities cited therein.)[2] We hold the invalidity of the warrant for the search of the automobile does not affect the validity of the search warrant for defendant's person.

Accordingly, the judgment of the circuit court is affirmed as it pertained to quashing the warrant for the vehicle search. Its judgment quashing the warrant for the search of defendant's person is reversed.

Affirmed in part; reversed in part.

STAMOS and PERLIN, JJ., concur.

---

[2] As noted in the *Hansen* decision, the aspect of severability to sustain the validity of a portion of a search warrant will not be sustained when the area to be searched is described in an overly broad manner, when the warrant itself appears to have been obtained on a pretext, and when the valid portion is only incidental to an otherwise improper warrant.