[No. 2841–2. Division Two. August 7, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY
DEAN HALVERSON, *Appellant.*

*Lawrence W. Moore,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D.
Mladinov, Special Counsel,* for respondent.

SOULE, J.—Defendant, following a case tried to the court,
was convicted of the unlawful possession of a controlled

substance. The only issue on appeal is the admissibility of certain drugs which were found in his possession. Defendant contends the drugs seized were the products of an illegal search.

On the afternoon of July 20, 1976, Judge Thomas Swayze of Pierce County authorized the issuance of a search warrant. The warrant described the place to be searched as 11021 107th Street in Pierce County, and authorized the search of all persons who may be present on those premises at the time of its execution. The following evening at 11:35 p.m., five deputy sheriffs of the Pierce County Sheriff's office and two police officers from the City of Tacoma executed this warrant at the above described premises.

Deputy King knocked on the door to the residence. When an occupant opened the door, King announced their identity and also their purpose of executing a search warrant for drugs. The law officers entered the premises and moved quickly to the living room where they found six individuals. Defendant was observed kneeling in front of a coffee table upon which rested a weighing scale. Deputy King told the occupants to stand up and place their hands against the walls. It was Deputy King's testimony that they intended to frisk for weapons so as to secure the premises before conducting a search of the persons for contraband.

As the defendant stood up, King noticed that both of defendant's hands were closed into fists. Although it did not appear to King to be in a defensive or threatening position, he suspected that the defendant might be concealing something in his hands and, unsure as to whether it might be a weapon, requested defendant to reveal what he had in his hands. When defendant complied with this request, a vial of cocaine was found in one hand and a "slip" of amphetamines in the other. The deputy testified that he had also thought that perhaps the defendant was concealing drugs in his closed fists. In any event, he felt that the search of defendant's hands was necessary for his own safety.

Defendant has contended that no probable cause existed so as to justify the warrant's authorization of a search of all persons present on the premises. It is his contention that the issuing court had no reason to believe that *any* person who might be present would necessarily be connected with the criminal activity. From this premise, he argues that the warrant was invalid, the search of his person was illegal and the evidence should have been suppressed. We disagree with the conclusions urged upon us by defendant and affirm the conviction.

 Even if we assume arguendo that the authorization to search all the persons present was without probable cause, it does not follow that the evidence was seized illegally from defendant. If a warrant separately and distinctly describes two targets and it thereafter is determined that probable cause existed for issuance of the warrant as to one but not the other, the warrant may be treated as severable and upheld as to the one target only. *People v. Hansen,* 38 N.Y.2d 17, 377 N.Y.S.2d 461, 339 N.E.2d 873 (1975) (a residence and an automotive van). *Aday v. Superior Court,* 55 Cal. 2d 789, 362 P.2d 47, 13 Cal. Rptr. 415 (1961) (a variety of articles). If distinctly described, we see no reason why the targets may not be a place and a person.

Defendant has never contended that the warrant lacked the necessary probable cause for the search of the residence.[1] Therefore, assuming a partial invalidity of the warrant, we find it to be severable and uphold the valid portion of the warrant which permitted the search of the residence. *People v. Hansen, supra; People v. Russell,* 45 Ill. App. 3d 961, 360 N.E.2d 515 (1977).

 Having found that the residence portion of the warrant was valid, the police were properly on the premises carrying out its execution. In the lawful execution of that warrant, Deputy King observed defendant's suspicious conduct. The deputy is not required to guess at his peril whether a weapon may be hidden within defendant's fist;

---

[1]The supporting affidavit provided ample probable cause in that regard.

his action in demanding that defendant open his hands was justifiable as an act of self–defense. *State v. Serrano,* 14 Wn. App. 462, 544 P.2d 101 (1975).

Moreover, the deputy testified that before the actual search of the persons and residence was to be conducted, they were about to frisk the persons present so as to assure themselves of their own security during that search. Defendant's actions certainly were sufficient to cause suspicion and concern on the part of the officers for their own safety. Under such circumstances, a search of defendant's hands was lawful. *State v. Galloway,* 14 Wn. App. 200, 540 P.2d 444 (1975).

■ The evidence was also admissible upon another theory. The police were searching for an item, narcotics, which is readily concealable upon one's person. The defendant had been seen kneeling in front of a weighing scale when the police entered the premises and thereafter had kept his hands in a clenched position as if concealing something. It has long been the law in this state that, under limited circumstances affording reasonable cause, police officers in searching a residence pursuant to a lawful warrant may "lawfully search any one found therein whom they have reasonable cause to believe has the articles for which the search is instituted upon his person." *Olympia v. Culp,* 136 Wash. 374, 377, 240 P. 360 (1925); *State v. Ryan,* 163 Wash. 496, 1 P.2d 893 (1931), and *State v. Gant,* 6 Wn. App. 263, 492 P.2d 571 (1971). Of course, a specific warrant to search premises cannot automatically be converted into a general one to search individuals. *State v. Raum,* 172 Wash. 680, 21 P.2d 291 (1933); *Tacoma v. Mundell,* 6 Wn. App. 673, 495 P.2d 682 (1972), but defendant's suspicious conduct gave the police reasonable cause to search his person and distinguishes this case from *Raum* and *Mundell.* The trial court properly denied defendant's motion to suppress.

Defendant's conviction for unlawful possession of a controlled substance is affirmed.

REED, A.C.J., and PETRIE, J., concur.

Reconsideration denied September 5, 1978.