THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES STRUHART *et al.*, Defendants-Appellees.

First District (4th Division)    Nos. 79-2197 through 79-2199 cons.

Opinion filed February 11, 1981.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard F. Burke, and James R. Carroll, Assistant State's Attorneys, of counsel), for the People.

Joseph T. Stillo, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (73 Ill.2d R. 604(a)(1)), the State appeals from an order granting defendants' motion to quash their arrest and to suppress the evidence seized pursuant thereto because a search warrant was not procured. On appeal, the State contends that the search was conducted simultaneously with a lawful arrest based on information provided by an ordinary citizen and was therefore lawful. We agree and reverse and remand.

Ronald Seiner, the assistant terminal manager at Gateway Transportation, testified that at approximately 8:30 a.m. on August 22, 1979, two dock foremen notified him that the trailer at terminal door No. 3 had been overloaded with seven cartons of merchandise. This was unusual since the merchandise should have been loaded on the trailer at door No. 215. After discussing the situation with the terminal manager, Mr. Seiner summoned the police.

The next day, Investigators Sapit, Neopolitan and Cadieux of the Chicago Ridge Police Department met with Ronal Seiner and the terminal manager. The investigators were informed that trailer No. 32MS934 had been overloaded with seven cartons of merchandise the previous day. The investigators were given the truck manifest which indicated that deliveries were to be made that day at Carstensen Trucking Company, Rudolph Trucking Company and Blue Arrow Trucking Company.

Investigator Cadieux followed the trailer as it left the terminal and as it made the scheduled deliveries. He then followed the trailer to an abandoned yard area at 3200 South Bross Avenue, which was not scheduled on the manifest. Through binoculars, he observed the driver, defendant Anthony Pullano, exit the truck cab and walk to the corner of Claremont and Bross Avenues, where he looked up and down the street.

He then walked into the middle of Bross Avenue and flagged down a blue pickup truck driven by defendants Struhart and Cantore. The pickup truck then backed up to the trailer. Pullano entered the trailer and took some cardboard boxes and placed them on the back of the pickup truck. Both the trailer and pickup truck left the area and were stopped by the investigators. Defendants were arrested and the merchandise recovered from the pickup truck.

On appeal, the State contends that, while the arresting officers had no warrant to search or arrest defendants, the search was conducted simultaneously with a lawful arrest. (Ill. Rev. Stat. 1977, ch. 38, par. 108—1.) The State argues the arrest was lawful because the arresting officers had reasonable grounds on which to believe defendants were committing a theft. Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1).

As noted in *People v. Wright* (1974), 56 Ill.2d 523, 528, 309 N.E.2d 537, citing *People v. Wright* (1968), 41 Ill.2d 170, 174:

> " ' * * * It is well established that a search without a warrant is reasonable and valid if it is incident to a lawful arrest and there is no requirement that the arrest be under the authority of an arrest warrant. *(Ker v. California*, 374 U.S. 23, 41, 10 L. Ed. 2d 726, 83 S. Ct. 1623.) In turn, the validity of an arrest without a warrant depends upon whether the officers had reasonable cause to believe that an offense had been committed and that the defendant had committed it. *(People v. Jones*, (1959), 16 Ill.2d 569, 573.) The test is not whether there is sufficient evidence to convict the arrested person, but probable cause exists for arrest where a reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense. *(People v. Hightower*, (1960), 20 Ill.2d 361, 366.) In deciding the question in a particular case, courts deal with proba- bilities and are not disposed to be unduly technical. *(People v. Fiorito*, (1960), 19 Ill.2d 246, 256.)' *People v. Jones*, (1964), 31 Ill.2d 240, 243-4."

Contrary to the determination of the trial court, we find the evidence presented at the suppression hearing, based upon the factual and practical considerations of everyday life, was sufficient to warrant a reasonable and prudent person having the knowledge possessed by the arresting officers to believe defendants were committing a crime. The manager and assistant manager of the trucking terminal informed the officers that trailer No. 32MS934 had been overloaded by seven cartons of merchandise and that this was unusual. Because this information was furnished by ordinary citizens who had no reason to lie, the officers were justified in relying upon their representations in making the decision to place the

trailer under surveillance for possible theft. (*People v. Billings* (1977), 52 Ill. App. 3d 414, 367 N.E.2d 337.) Suspecting that a crime was afoot and with a copy of the manifest, Investigator Cadieux followed the trailer on its scheduled deliveries. After all scheduled deliveries were made, the trailer was followed to 3200 South Bross Avenue, which was not listed on the manifest. When Investigator Cadieux observed defendant Pullano check the area to see if anyone was watching and then take the cartons from the trailer and place them on the pickup truck, Cadieux certainly had probable cause to believe that a theft was being committed. Since there was probable cause to make an arrest, the search of the immediate area, including the pickup truck, was valid. *People v. Gunderson* (1978), 66 Ill. App. 3d 516, 383 N.E.2d 1296; *People v. Handy* (1976), 44 Ill. App. 3d 835, 358 N.E.2d 1230.

We further note that it would have been impossible for the officers to have obtained a search warrant prior to the time the trailer made the unscheduled stop at the abandoned yard. Prior to that time, the officers possessed only a mere suspicion that a theft would occur. They did not know where it would occur, who would be involved or even that a pickup truck would be used. Without more information, the officers were forced to keep the trailer under surveillance until such time as they had probable cause to believe that a theft had occurred and then make a search for the merchandise incident to the arrest.[1]

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

ROMITI, P. J., and JOHNSON, J., concur.

---

[1] Of the three defendants, we note that only defendant Struhart may have had standing to challenge the search of the pickup truck since he was the owner of the vehicle. *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421.