THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KEITH GARMON, Defendant-Appellee.

First District (5th Division)   No. 1—87—2819

Opinion filed March 30, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Catharine M. Forest, and Eileen Rubin, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Edwin A. Burnette, Assistant Public Defender, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant was indicted for theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)) and burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)) and his motion to quash his arrest and suppress evidence was granted. The State appeals from that order under Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)). We address the issue of whether the trial court's ruling that the police did not have probable cause to arrest defendant was against the manifest weight of the evidence. We affirm.

The only witness at the hearing on defendant's motion to quash and suppress was Officer Sam Cozzo, who testified that on April 23, 1987, at approximately 1 p.m., he and Officer Paul O'Donnell responded separately to a call at Northwestern Memorial Hospital. When Cozzo arrived, defendant was in a hospital security room with

Frank Ramos and several other people, all of whom were hospital security guards. Ramos told Cozzo that defendant approached him on hospital property and offered to sell him camera equipment for $100. Ramos contacted the police. Based on his previous experience as a photographer, Cozzo estimated that the equipment was worth $1,500. The equipment was not packaged but appeared brand new. Cozzo advised defendant of his *Miranda* rights and then questioned him. Defendant told Cozzo that he bought the equipment from another person for $50 two weeks earlier and he did not have a receipt for it. Defendant stated he was attempting to sell the equipment to support his drug habit. At some point, Cozzo telephoned the police department from the hospital with the serial numbers from the equipment and learned that the equipment was not reported stolen. On direct examination, Cozzo testified that after he arrested defendant, he questioned him, but on cross-examination, he testified that he arrested defendant after he questioned him. The trial judge did not make a finding on when defendant was arrested.

The trial court granted defendant's motion to quash the arrest and suppress evidence for lack of probable cause, and the State now appeals.

OPINION

■■ ■ Defendant was indicted for theft under section 16—1(a)(1), which provides that "[a] person commits theft when he knowingly *** [o]btains or exerts unauthorized control over property of the owner *** and *** [i]ntends to deprive the owner permanently of the use or benefit of the property[.]" (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1).) Defendant was also indicted for burglary under section 19—1(a), which provides that "[a] person commits burglary when without authority he knowingly enters or without authority remains within a building *** with intent to commit therein a felony or theft." Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).

■■■ Section 107—2(1)(c) of the Code of Criminal Procedure of 1963 allows a police officer to make a warrantless arrest when "[h]e has reasonable grounds to believe that the person is committing or has committed an offense." (Ill. Rev. Stat. 1985, ch. 38, par. 107—2(1)(c).) "Reasonable grounds" is synonymous with the term "probable cause." (*People v. Wright* (1985), 111 Ill. 2d 128, 490 N.E.2d 640.) Probable cause is present when "the police 'have knowledge of facts which would lead a reasonable man to believe that a crime has occurred and that it has been committed by the defendant.'" (*Wright*, 111 Ill. 2d at 145, 490 N.E.2d at 646, quoting *People v. Eddmonds*

(1984), 101 Ill. 2d 44, 60, 461 N.E.2d 347.) Probable cause must be more than mere suspicion but does not need to rise to the level of proof beyond a reasonable doubt. (*People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.) A reviewing court will not disturb a trial court's finding on a motion to quash arrest and suppress evidence unless it was against the manifest weight of the evidence. *Wright*, 111 Ill. 2d 128, 490 N.E.2d 640.

We note that from the record there is some question as to when defendant was arrested. Cozzo testified he arrested defendant and then "talked" to him, but he also testified that defendant was first questioned and then arrested. It is clear that defendant was placed in a security room with two police officers, read his *Miranda* rights, and then questioned. An arrest occurs when the circumstances are such that a reasonable person would conclude he was not free to leave. (*Wright*, 111 Ill. 2d 128, 490 N.E.2d 640.) The testimony arguably established that defendant was arrested prior to questioning, which would render testimony as to what occurred subsequently irrelevant. However, defendant did not object to Cozzo's testimony concerning Cozzo's questioning of defendant. We will therefore consider this testimony in determining whether the trial court's ruling was against the manifest weight of the evidence.

Based on Cozzo's testimony, the police knew that defendant attempted to sell camera equipment valued at $1,500 for $100. The equipment appeared new but it was not packaged and defendant did not have a receipt for it. Defendant admitted that he purchased the equipment from another person for $50 and he wanted to sell it to support his drug habit. Also, the police knew that, based on the serial numbers of the equipment, it was not reported to the police as stolen.

The State relies on *People v. Struhart* (1981), 93 Ill. App. 3d 534, 417 N.E.2d 676, for its argument that probable cause existed to arrest defendant. In *Struhart*, an assistant terminal manager was informed by two dock foremen that a trailer was "overloaded" with seven cartons of merchandise and the police were contacted. (*Struhart*, 93 Ill. App. 3d at 535, 417 N.E.2d at 677.) The police obtained the number of the trailer and its manifest, which showed the trailer's scheduled deliveries. The police followed the trailer, and it made an unscheduled stop. The defendant driver left the trailer, looked up and down a nearby street, and flagged down a truck driven by defendants. The truck backed up to the trailer and some boxes from the trailer were put on the truck. Defendants were arrested for theft, and they moved to quash their arrest and suppress evidence. The trial court granted their motion, and the State appealed, arguing there

was probable cause to arrest defendants. The appellate court noted that the officers were justified in relying on the information from ordinary citizens who had no reason to lie. The court found that, based on the surveillance of defendants' activities, the police had probable cause to believe they were committing a theft.

■ The facts of *Struhart* are clearly distinguishable from the case at bar. Most significantly, the police in *Struhart* observed defendants in the act of committing a theft. While we agree that here, as in *Struhart*, the police were justified in relying on Ramos' information that defendant offered to sell him the equipment for $100, the information that the police had at the time of defendant's arrest was not as strong as in *Struhart*. In this case, defendant attempted to sell camera equipment for much less than its value to support his drug habit. He did not have a receipt and stated that he purchased the equipment from another person for $50. However, the equipment was not reported as stolen and there was no information that defendant actually stole the equipment. While the testimony may have warranted the suspicion that the equipment defendant attempted to sell was stolen, probable cause is more than mere suspicion. The testimony did not support a finding that probable cause existed for the offenses of theft and burglary. Therefore, we cannot find that the trial court's ruling was against the manifest weight of the evidence.

Affirmed.

COCCIA, P.J., and GORDON,* J., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and has listened to the oral argument tape.