**UNITED STATES v. WHITE.**
**Cr. No. 638–54.**

United States District Court
District of Columbia.
July 10, 1954.

Leo A. Rover, U. S. Atty., Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., for plaintiff.

De Long Harris, Washington, D. C., for defendant.

KEECH, District Judge.

This matter is before the court on a motion to suppress certain evidence, namely, two bags of dried marihuana seized by police officers in connection with a lawful arrest of the defendant and clothed with a valid search warrant issued on probable cause. The warrant authorized a search of the room occupied by defendant for "all alcoholic beverages and *any other property designed for use in connection with such unlawful* manufacture for sale, *keeping for sale, or selling* in violation of * * * [the District of Columbia Alcoholic Beverage Control] Act * * *." Immediately prior to the search a purchase of whiskey from defendant was made by one of the officers, whereupon defendant was arrested.

The search disclosed whiskey, wine, and beer in various places in the room, such as in a clothes closet, behind a couch, in a suitcase, on the floor, and in a metal cabinet. One of the raiding officers noticed an old fireplace closed off from the room. He pulled aside a movable partition filling the opening of the fireplace and saw two brown paper bags of the type used generally in grocery stores, about eight by four inches and approximately twelve to fourteen inches high. Although the fireplace was filled with dust, mortar, and rubble such as comes down a chimney, the bags sitting in the rubble had no dust on them. The officer reached in and picked up the bags, which were very light, weighing about twenty-four ounces, and which felt "like a piece of paper" and could be squeezed. From this the officer knew that they did not contain liquor in bottles. He then looked in the bags and saw what he thought was dried marihuana, as the contents were later identified.

Counsel for the defendant admits that the officer had a right to search the fireplace, but contends that he had no right to look into the bags and discover evidence of another unrelated offense when he knew that the bags could not contain a bottle of liquor.

Assuming, as stipulated by counsel for the Government and for the defendant, that the officer did not look into the bags until after their feel and weight had indicated to him they did not contain bottles and the discovery of the marihuana occurred subsequent to such knowledge, I cannot say that the officer's looking into the bags constituted an unreasonable search, a naked rummaging of the premises of a general exploratory character, not made in good faith, such as was condemned in Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374, and United States v. Lefkowitz, 1933, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877.

Paraphernalia other than bottles of liquor could well be used in connection with the illicit sale of liquor. One example which readily comes to mind is paper bags. Further, the concealment of the bags in the closed-off fireplace was a suspicious circumstance indicating that

they might contain something connected with the illicit liquor sales conducted on the premises.

For the foregoing reasons, I conclude that this search was not an unreasonable one, but was lawful within the principles enunciated in Marron v. United States, 1927, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, and Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, as applied in Palmer v. United States, 1953, 92 U.S.App.D.C. 103, 203 F.2d 66.

The motion to suppress will therefore be denied.