Jones, J.
We conclude that there was probable cause to sustain this warrant in part but not in toto, and hold that property seized under the separable, invalid portion must be suppressed.
The affidavit on which- the warrant was issued contained sufficient competent allegations to support the findings below that there was probable cause to search the Hansen residence at the intersection of Routes 116 and 121 in the Town of North Salem. Police officers properly in the premises investigating a reported burglary saw a large brass smoking pipe of the type commonly used for narcotics, a large scale, and material identified as marijuana. We conclude that in view of the continual surveillance of the premises maintained by the police between their observations on March 30 and the application for the warrant on April 17, in the circumstances of this case, such observations were not so remote in time as to require that they be disregarded as stale.
In our view, however, there was not sufficient evidence to support a finding of probable cause justifying a search of the Speake Dodge van. The observations of the police were that this van had made "trips in and out carrying at least one other person in addition to the driver”, and that it was "the sole vehicle observed entering and leaving these premises on a regular basis”. The affidavit contained no indication as to dates, times, frequency or purpose and was open to the interpretation that other vehicles might have entered or left the premises on a nonregular basis. Additionally no observation was reported as to any movement of persons between the house and the van. The activity described in the affidavit, without more, was innocuous and as consistent with innocence as with criminal activity. (Cf. People v Oden, 36 NY2d 382, 385; People v Davis, 36 NY2d 280, 282; People v Brown, 32 NY2d 172, 174; and see People v Alaimo, 34 NY2d 187, 189.)
*21 The conclusory statement that the applying officer had "reliable information that [defendant and his coresident] have returned from the western states with a large quantity of dangerous drugs” must be wholly disregarded since no supporting data were included as to the credibility of the source of such information or as to the reliability of the information itself. (People v Slaughter, 37 NY2d 596; People v Hendricks, 25 NY2d 129, 133.)
We turn then to the question whether the warrant in this case may be sustained in part if not in its entirety. We hold that where a search warrant authorizes searches of two separate target locations discretely described (here on the one hand a residence, immovable, and on the other an automotive van wherever located) authorization to search the one may be upheld if probable cause existed as to it even though it is determined that probable cause did not exist as to the other. If it is held that evidence recovered at the former location is admissible, while evidence found at the latter is inadmissible, the suppression ordered will be commensurate with the deficiency of probable cause. The policy behind the exclusionary rule is served but not exalted.*
We do not say that invalid portions of a warrant may be treated as severable in all or even most circumstances. We distinguish, for instance, those cases in which, in consequence of overbreadth of a single described area of search, the warrant must be struck down (e.g., People v Rainey, 14 NY2d 35; cf. United States v Hinton, 219 F2d 324). In such cases the courts may not by retrospective surgery, dehors the language of the warrant, cut away the illegal portions of the area to be searched and by judicially revised description save evidence recovered from a more narrowly limited area. It would not affect the result that, had the reduced area alone been initially described, search of it would have been founded on probable cause. Similarly, selected portions of search warrants are not to be upheld in circumstances disclosing that the warrant as a whole was obtained on a pretext. Nor would acceptability as to a very minor aspect support the warrant even pro tanto if it were evident that such aspect was wholly incidental to an unjustified search. There will be other instances, too, in which as a matter of principle to sustain any *22 portion of the warrant would, be fatally violative of the policy articulated in section 12 of article I of the New York State Constitution and the Fourth Amendment of the Federal Constitution. In the circumstances disclosed in this record, however, we invoke a doctrine of severability as to target areas to sustain the search of the Hansen residence.
But that is not the end of the matter. Once a portion of the warrant has been sustained under the doctrine of severability the defendant’s standing to challenge the invalid, severed portion must likewise be considered separately. There remains to be considered in this case, therefore, that portion of defendant’s motion which seeks suppression of the marijuana and the second scale seized from the Speake Dodge van.
The Supreme Court has repeatedly stressed "the general rule that Fourth Amendment rights are personal rights which * * * may not be vicariously asserted” (Alderman v United States, 394 US 165, 174; see, also, United States v Callandra, 414 US 338, 348; Brown v United States, 411 US 223, 227; Simmons v United States, 390 US 377, 389; Wong Sun v United States, 371 US 471, 492; Jones v United States, 362 US 257; cf. People v Estrada, 23 NY2d 719; People v Cefaro, 21 NY2d 252; see, generally, Trager and Lobenfeld, The Law of Standing Under the Fourth Amendment, 41 Brooklyn L Rev 421). Thus for a defendant to establish requisite standing to raise an objection he "must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else” (Jones v United States, supra, at p 261). In recognition of these principles, a defendant is considered to have standing when he is owner or possessor of the seized property, has a possessory interest in the searched premises or is legitimately on the premises when the search occurs. (Simmons v United States, supra, at pp 389-390.) The Supreme Court has further accorded what it has denominated "automatic standing” to a defendant where possession of the property seized at the time of the contested search and seizure is an essential element of the offense charged. (Jones v United States, supra.)
As noted in Judge Gabrielli’s dissent, the Supreme Court may be said to have indicated some receptivity, in the light of its later decision in Simmons v United States (supra) to reconsideration of its "automatic standing” decision in Jones *23 (Brown v United States, supra, pp 227-228). The occasion for such reconsideration, if any, has not yet been presented to that court, however, and thus, its decision stands unaffected by subsequent judicial determination. We now decline the court’s invitation, if indeed it be that, in Brown, noting that the Code of Pre-Arraignment Procedure adopted by the American Law Institute (1975) (§ SS290.1, subd [5], par [f]) would also accord standing to appellant in the circumstances of this case.
Here defendant was charged with three counts of possession and one count of criminally using drug paraphernalia. On the record before us it appears that possession of the marijuana or the second scale at the time each was seized from the Speake van might be an essential element of one or more of the offenses charged in the indictment in this case. At least there is nothing to preclude that possibility. We conclude, therefore, that defendant comes within the sweep of the "automatic standing” doctrine. The property seized from the Speake van must therefore be suppressed on his motion.
Accordingly the order of the Appellate Division should be modified to direct such limited suppression and, as so modified, affirmed.

 Search warrants have been upheld in part under a concept of severability with respect to the articles to be seized (e.g., Aday v Superior Ct. of Alameda County, 55 Cal 2d 789; and see cases collected in People v Mangialino, 75 Misc 2d 698, 707-708).