■ In the Matter of AARON STRAUSS, Respondent. DIRECTOR OF THE HARLEM VALLEY PSYCHIATRIC CENTER, Appellant. In the Matter of CATHERINE DESPARD, Respondent. DIRECTOR OF THE HARLEM VALLEY PSYCHIATRIC CENTER, Appellant.—Appeals by the director of the Harlem Valley Psychiatric Center from two judgments (one in each proceeding) of the Supreme Court, Dutchess County, both entered March 22, 1976, which denied his applications for authorization to perform certain surgery upon respondents. Appeals dismissed as academic, without costs or disbursements. It appears that respondents have been released from the Harlem Valley Psychiatric Center. Accordingly, these appeals have been rendered academic. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTORIA ANN AMBROZAK, Respondent.—Appeal by the People, as limited by its brief, from so much of an order of the County Court, Westchester County, dated December 19, 1975, as granted the branch of defendant's motion which sought to suppress physical evidence. Order reversed insofar as appealed from, on the law, and motion denied insofar as it sought to suppress physical evidence. No fact findings have been considered. The County Court improperly suppressed the drugs and other tangible evidence confiscated by the police. Applying the two-prong test of *Spinelli v United States* (393 US 410), it is clear that both the informant and his information were reliable (see, also, *Aguilar v Texas,* 378 US 108). The informant was in defendant's apartment and stated, with specificity, what he saw. The informant also said that he had seen certain youths go to the apartment at various times to buy drugs. The police verified the codefendant's possession of a gun, which the informant stated was in the apartment, the visits by the youths, who, at one time, according to the informant and another source, appeared to be smoking marijuana just after they left the apartment, and the presence of a prostitute on the premises. It is thus clear that a Magistrate could find probable cause for the issuance of a search warrant. The warrant was not overbroad because, unlike the one issued in *People v Yusko* (45 AD2d 1043), it was based upon more than suspicion that a single envelope of drugs was on the premises. Here the evidence suggested a pattern of drug traffic and the presence of more than a single item of contraband. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.