■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN E. HAAS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 7, 1974, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion granted, and new trial ordered. As the People concede, there was no probable cause for the issuance of a warrant which included the authorization to search for stolen goods. By applying the doctrine of severance, we find that the search warrant was valid insofar as it authorized the search for marijuana (see *People v Hansen,* 38 NY2d 17). However, we cannot agree that the subsequent seizure of the stolen property can be justified by means of the "plain view" doctrine. The items seized, i.e., a passport, an envelope containing coins, certain documents, etc., are not the type of items in which a searcher for marijuana could reasonably expect to find marijuana, especially in view of the fact that the search warrant authorized a search for "Marijuana Plants" (cf. *United States v White,* 122 F Supp 664). Furthermore, none of those items contain a brand of illegality, i.e., they are not contraband per se. Thus, the police would have had to scrutinize them carefully in order to know that they were stolen (see *Stanley v Georgia,* 394 US 557 [concurring opn of Stewart, J.]; *Commonwealth v Hawkins,* 280 NE2d 665 [Mass]). We find that this type of foray into defendant's home pursuant to an imprecisely drawn search warrant is precisely the type of general exploratory search so abhorrent to the Constitution (see *Coolidge v New Hampshire,* 403 US 443, 462, reh den 404 US 874). "To condone what happened here is to invite a government official to use a seemingly precise and legal warrant only as a ticket to get into a man's home, and, once inside, to launch forth upon unconfined searches and indiscriminate seizures as if armed with all the unbridled and illegal power of a general warrant" *(Stanley v Georgia, supra,* p 572 [Stewart, J., concurring]). Accordingly, the motion to suppress the evidence should have been granted. We have considered the remaining arguments on appeal and find

them to be without merit. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.