■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LLORENTE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVARO DORONZORO, Appellant.—Judgments of the Supreme Court, New York County, rendered November 3, 1976, following guilty pleas, unanimously reversed, on the law, the pleas vacated, defendants' motions to suppress granted as to drugs found in Apartment 2F, Count 5 of the indictment against Llorente and Count 20 of the indictment against Doronzoro dismissed, the indictments otherwise reinstated, and the matters remanded for further proceedings. The defendant Velasco was arrested in connection with a drug investigation outside of one of two buildings at his

disposal for his contraband purposes, for a previous sale of cocaine to an undercover police officer. The officers, having read him his *Miranda* rights, took him to Apartment 2F in that building and conducted a warrantless search and found large amounts of drugs and currency. The defendant Velasco claimed that none of the items belonged to him, and that he was only watching the apartment for someone else. He later agreed to co-operate and gave the information that there were additional items of contraband in the other apartment at the other building, Apartment 405. While he consented to a search by signing a form, a search warrant was obtained for Apartment 405 by an officer and was executed, and contraband was found in the apartment. On a motion to suppress, it was granted, only to the extent of the drugs found in Apartment 2F where the warrantless search took place. The People now concede that search was unlawful. However, the court refused to suppress Velasco's statement to the authorities or the drugs found in Apartment 405. The guilty plea by Velasco was to the criminal possession of a controlled substance in the first degree, in full satisfaction of all counts in the indictment. There was sufficient evidence of his consent to a search and his knowledge, both in English and Spanish, of what was involved, and suppressing the evidence obtained as a result of searching Apartment 2F will not deprive the plea of the essential underlying elements of guilt. However, with respect to Llorente and Doronzoro, unaccountably a plea was accepted with respect to constructive possession of the drugs found in Apartment 2F. Their motion to suppress was denied, on the ground that they lacked standing. We find that they did have standing *(People v Hansen,* 38 NY2d 17), and accordingly the count to which they pleaded, being Count 5 in the Llorente indictment, and Count 20 in the Doronzoro indictment, should be dismissed, and the accusatory instruments should be restored to the prepleading status, with all the counts therein contained at the time of the plea, except those ordered dismissed. (CPL 440.10, subd 7.) We have examined all of the other contentions on this appeal and find them without merit. Concur—Kupferman, J. P., Lupiano, Birns and Markewich, JJ.