■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY REEVES, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered November 12, 1976, upon a verdict convicting defendant of the crime of criminal possession of a dangerous drug in the first degree. On March 4, 1973, Constables Richard Ostrander, Ross Van Wagenen and Ludwig Baumgarten of the Town of Woodstock Police Department responded to a telephone call that armed strangers were at a private residence leased by defendant on Yerry Hill Road in the Town of Woodstock, Ulster County. While investigating this matter at the residence and conversing with one Douglas Every whom the police met therein, Constable Ostrander observed what he thought to be hashish and a pipe on a table. Every was thereupon arrested, and, with the aid of Carl Van Wagenen, an investigator for the New York State Police, Ostrander then applied for and obtained a warrant to search the premises from Justice of the Peace Rudolph Bumgarten. The ensuing search of the residence resulted in the discovery of, *inter alia,* an ammunition box containing over two pounds of cocaine wrapped in a copy of a Baltimore newspaper and some marijuana in brown paper bags, and as a consequence thereof defendant and Every were indicted in May, 1973 for possession of cocaine, marijuana, acid tablets and pipes adapted for narcotic use. Not until March of 1974, however, was defendant taken into custody by the New York State Police following his arrest by Interpol in Bogata, Columbia, and thereafter he and codefendant Every moved to suppress the contraband seized at the Yerry Hill Road residence. Upon the denial of this motion, Every apparently agreed to and was permitted to plead guilty to attempted possession of the cocaine in full satisfaction of the indictment against him. Defendant proceeded to trial, however, wherein the prosecution, through various witnesses, presented evidence of his admissions that he had some cocaine at the Yerry Hill Road residence and that the alleged strangers assaulted him and held a gun on him during the incident which precipitated the call for police assistance, after which he mysteriously disappeared. There was further evidence that, using someone else's car as a disguise, his friend drove him to New Jersey on the day after the incident from where he apparently fled to South America. Also, his fingerprint was found on the ammunition box containing the cocaine, and it was established that he was from Baltimore. For his part, defendant did not testify or present any witnesses, and he was ultimately convicted of criminal possession of a dangerous drug in the first degree (Penal Law, § 220.23, repealed L 1973, ch 276, § 18, eff Sept. 1, 1973) involving the more than two pounds of cocaine discovered at his residence. On this appeal, we initially reject defendant's contention that the search warrant was invalid because the issuing Justice's brother, Ludwig Baumgarten, participated in the investigation. An examination of the record reveals that Constable Ostrander and Investigator Carl Van Wagenen prepared the search warrant application based upon Ostrander's observations and that Constable Baumgarten played a very minor role in the entire matter. Accordingly, cases relied upon by defendant, such as *Coolidge v New*

*Hampshire* (403 US 443) wherein the State Attorney-General, acting as a Justice of the Peace, issued a search warrant in a matter even though he was in charge of the subject police investigation and later served as chief prosecutor, are clearly inapplicable here, as are the prohibitions contained in section 14 of the Judiciary Law and Canon 3 of the Code of Judicial Conduct because Constable Baumgarten was not a party to the search warrant application proceeding (cf. *Matter of Fitzsimmons v Liuni,* 26 AD2d 980) and had no interest which could be substantially affected by the outcome thereof. Similarly, we cannot agree that the search warrant was overly broad in that it authorized a search for hashish, marijuana, and other narcotic and dangerous drugs. While the police observed only what appeared to be hashish and a hashish pipe upon their initial entry into the premises, this factor together with the other surrounding circumstances, including the suspicious and still largely unexplained call for police assistance and the alleged presence of armed strangers, established probable cause to believe that other dangerous drugs might well be secreted on the premises and justified the issuance of the warrant. Defendant's remaining contentions are likewise lacking in substance. The testimony of a nonexpert witness for the People regarding the South American origin of cocaine was received in evidence without objection and adequately discounted upon cross-examination. Moreover, the proffered testimony of an opthalmologist relative to defendant's allegedly poor eyesight was properly excluded by the trial court as being irrelevant on the question of defendant's guilt or innocence in this case, and the prosecutor's statement in his opening as to how a certain witness would testify was made in good faith although a diligent effort to secure said witness later proved to be fruitless. Finally, concerning comments by the prosecutor reflecting upon the failure of defendant to testify or call certain witnesses, these were also made without objection and generally in response to questionable statements by defense counsel. Furthermore, the overwhelming evidence of defendant's guilt renders any error involved harmless *(People v Crimmins,* 36 NY2d 230). Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.