THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN PETER NIEMCZYCKI, Respondent.

Second Department, April 16, 1979

APPEARANCES OF COUNSEL

*Patrick Henry, District Attorney (Daniel J. Murphy* of counsel), for appellant.

*Shlimbaum, Gordon & Samuels (Howard J. Samuels* of counsel), for respondent.

## OPINION OF THE COURT

MARTUSCELLO, J.

█ The People appeal from an order of the County Court, Suffolk County, which, after a hearing, granted the defendant's motion to suppress certain physical evidence seized upon the execution of a search warrant, including eight bags of plant material. The order should be modified, by deleting so much thereof as suppressed the eight bags of plant material and substituting therefor a provision denying the motion as to said evidence. As so modified, the order should be affirmed.

Armed with an affidavit signed by a named informant who had been arrested on burglary charges, the police applied to a District Court Judge for a warrant to search the defendant's home. The informant alleged in his affidavit that he had seen 12 bags of marihuana in the defendant's home the day before and that the defendant was known to the informant to be a dealer in marihuana. The affidavit described the bags, their location, the premises and the occupants of the premises in great detail.

Based primarily upon the informant's signed affidavit, the District Court issued a warrant authorizing the search for, and the seizure of, "[t]welve large plastic bags containing marijuana *And any other contraband which is unlawfully possessed*" (emphasis supplied).

█ The detailed affidavit of the informant, whose identity and whereabouts were given to the issuing Magistrate, was a sufficient basis for a finding of probable cause and for a warrant to issue authorizing the executing officers to search for 12 bags of marihuana and to seize them (see *People v Hicks,* 38 NY2d 90).

The defendant's only meritorious argument is that by adding the gratuitous phrase, "Any other contraband which is unlawfully possessed" to the warrant, the District Court Judge turned it into a general warrant which violated the constitutional requirement that a warrant describe the things to be seized with particularity (see US Const, 4th Amdt).

We agree with the County Court that the disputed phrase made the warrant too broad. While an officer conducting a proper search is free to seize any contraband he finds while looking for the items particularly described (see, generally, *Coolidge v New Hampshire,* 403 US 443, 469, reh den 404 US 874; *People v Moss,* 34 AD2d 986), this warrant authorized the officer to search for any contraband on the premises and not merely to seize contraband found in the course of his search for the marihuana. Taken literally, the warrant would authorize the search for, and the seizure of, anything from illegal gambling equipment to machine guns on the strength of an affidavit showing only probable cause to believe that marihuana could be found on the premises.

■ ■ This court has long expressed its intolerance of general search warrants (see, e.g., *People v Yusko,* 45 AD2d 1043). The only question is whether the admittedly overbroad language of the search warrant here in dispute requires the suppression of all of the evidence seized, including the plant material. We do not believe that it does. There was probable cause to search for marihuana. Based on the informant's affidavit, the District Court could have authorized a search for drug paraphernalia, instrumentalities and other evidence of the sale and possession of drugs (cf. *People v Ambrozak,* 54 AD2d 735; *People v Reeves,* 57 AD2d 1015, 1016). There is no evidence that the overbreadth of the warrant itself caused the officers executing it to expand the scope of their search beyond permissible limits.

No good purpose is served by suppressing evidence when there was probable cause to seize it. For that reason, we hold that this is a proper case for the application of the doctrine of severance. That doctrine, discussed at length in *People v Mangialino* (75 Misc 2d 698), has been adopted and applied by the Court of Appeals in *People v Hansen* (38 NY2d 17). In *Hansen* the warrant authorized the search of a residence and of a motor vehicle, although there was probable cause only for the search of the residence. The court held *(supra,* p 21) that "where a search warrant authorizes searches of two separate

target locations discretely described * * * authorization to search the one may be upheld if probable cause existed as to it even though it is determined that probable cause did not exist as to the other." This court has already applied the doctrine to a case which, like the one at bar, involved a failure to describe all of the items to be seized with particularity *(People v Haas,* 55 AD2d 683). We therefore hold that the People may introduce into evidence the bags of plant material seized, but that everything else must be suppressed.

MOLLEN, P. J., SUOZZI and RABIN, JJ., concur.

Order of the County Court, Suffolk County, dated March 30, 1978, modified, on the law, by deleting so much thereof as suppressed the eight bags of plant material seized and substituting therefor a provision denying the motion as to said evidence. As so modified, order affirmed.