■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGELO GIORDANO, Respondent.—Appeal by the People from an order of the County Court, Suffolk County, dated August 31, 1978, which suppressed certain property seized pursuant to a search warrant. Order affirmed. The issuance

of the search warrant at bar was based on the affidavit of an informant who had been shown a sawed-off shotgun, a rifle and two handguns when he visited defendant's home. The warrant authorized a search for "illegally possessed firearms and any other contraband". The search uncovered, *inter alia,* brass knuckles and a switchblade knife. Defendant was then indicted for criminal possession of those weapons. As the People concede, this search warrant was too broadly phrased. Authorizing an officer to search for "any other contraband" violates the Fourth Amendment's requirement that a warrant describe the things to be seized with particularity. (See *People v Niemczycki,* 67 AD2d 442.) The question then becomes whether the warrant is severable thereby allowing the search for firearms to stand. Under this theory, the People contend that the brass knuckles and knife were discovered "in plain view" while the police were looking for firearms. We do not agree. The items seized, and the subject of the indictment, are not "firearms" and are not mentioned in the warrant. It is therefore impossible to tell whether the weapons seized were uncovered inadvertently during a search for "firearms", or whether they were found under the general authority of the "any other contraband" clause. It is entirely possible that this last-mentioned clause served as the basis for a search more expansive in scope and leading to the discovery of the weapons. (See *People v Hansen,* 38 NY2d 17.) In those cases where severance has been allowed, the items sought to be suppressed were specifically described in the search warrant and thus the search and discovery were supported by probable cause. (See, e.g., *People v Niemczycki, supra; People v Haas,* 55 AD2d 683.) No such certainty can be applied to the situation at bar and we therefore decline to invoke the doctrine of severability. (See *People v Hansen, supra,* pp 21, 22.)

Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.