■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SMITH, Appellant.—Judgment unanimously reversed on the law and facts, motion granted in accordance with memorandum, and matter remitted to Supreme Court, Monroe County, for further proceedings on the indictment. Memorandum: It was error for the court to deny defendant's motion to suppress certain of the items seized in a search of his residence pursuant to a search warrant. The warrant authorized the police to seize "a box cutter (razor type); soiled mens clothing, any container used to store any flammable liquid and/or accelerant and any items of property belonging to the victim of the aforementioned crimes". On executing the warrant, the police seized several items of men's clothing, as well as "2 Metal Gasoline cans, first can Red and White 'Gasoline Filler'—with red plastic extension hose., aprox. half filled with liquid; 1 Secon can Red, Yellow, Silver 7 [inch] hose. Aprox. ¼ filled; one plastic bag containing two (2) glass containers with a liquid substance." On appeal defendant argues that the seizure of his clothing was unlawful. We agree.

It is well settled that a warrant must particularly describe the items to be seized (US Const 4th Amend; NY Const, art I,

§ 12; *Marron v United States,* 275 US 192; *People v Nieves,* 36 NY2d 396). Here, the warrant authorized the seizure of "soiled mens clothing" without further identifying the type, color, size or ownership of the clothing. Moreover, the warrant application failed to establish that the clothing sought was connected in any way with criminal activity. Accordingly, the warrant was defective for lack of particularization with respect to the items of "soiled mens clothing". The seized items of clothing must be suppressed.

This case is, however, a proper one in which to apply the doctrine of severance *(People v Niemczycki,* 67 AD2d 442; *People v Mangialino,* 75 Misc 2d 698; *cf., People v Giordano,* 72 AD2d 550). Although the court failed to set forth its findings of fact and conclusions of law as required by CPL 710.60 (6), defendant's motion papers raised only a legal issue which could be summarily resolved. It is evident from the record that defendant was not entitled to suppression of the other seized evidence *(see, People v Gonzalez,* 116 AD2d 661). We find that the police had probable cause to search for containers used for the storage of flammable products and we further find that the description of such containers was sufficiently particular in both the warrant application and the warrant. Accordingly, no purpose would be served by suppressing the containers seized under the warrant *(see, People v Hansen,* 38 NY2d 17; *see also, People v Niemczycki, supra; People v Haas,* 55 AD2d 683). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—attempted murder, second degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.