■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. CONTE, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Counts one, two, and three of the indictment, charging defendant with sodomy in the first de-

gree, sodomy in the third degree, and endangering the welfare of a child, as amplified by the amended bill of particulars, are not duplicitous. The indictment alleged only one incident of sodomy under counts one and two. Although inartfully drawn, the amended bill of particulars did not allege otherwise and the evidence at the trial was confined to one incident of sodomy.

The offense of endangering the welfare of a child may be committed by multiple acts and may be a continuing offense committed over a period of time *(People v Keindl,* 68 NY2d 410, 421, *rearg denied* 69 NY2d 823). Thus, the allegations in the amended bill of particulars and the proof that the offense occurred in two different locations did not make count three duplicitous.

The offense of unlawfully dealing with a child by giving alcoholic beverages to a child, unlike the offense of endangering the welfare of a child, contemplates one act or, at most, a series of acts at one time and place. Thus, count four of the indictment is duplicitous because, as amplified by the amended bill of particulars, it alleged, and the evidence at the trial indicated, the commission of separate acts at two locations.

Having failed to object to the verdict on count five as repugnant before the jury was discharged, defendant did not preserve the issue for review *(see, People v Alfaro,* 66 NY2d 985).

The error, if any, in admitting into evidence defendant's statement made at the time of his arrest, was harmless *(see, People v Crimmins,* 36 NY2d 230).

Although the search warrant was overbroad in authorizing the police to seize "other contraband", the warrant may be read as though that clause is stricken *(see, People v Hansen,* 38 NY2d 17). Thus read, the search and seizure of the marihuana was legal. The seizure of the scales, playing cards, and tweezers, however, was illegal and those items should have been suppressed. The error, however, was harmless and does not require the reversal of the conviction of possession of marihuana.

The trial court did not abuse its discretion in denying defendant's motion to sever counts 12 through 15 of the indictment. There was substantial proof on the first 11 counts of the indictment, as well as on the 12th through 15th counts, and moreover, the court was entitled to determine that there was no "substantial likelihood that the jury would be unable

to consider separately the proof as it relate[d] to each offense" (CPL 200.20 [3] [a]).

We reject defendant's contention that the matter seized from defendant was not sufficiently identified as marihuana.

Defendant was legally arrested for possession of marihuana and thus was properly convicted of resisting arrest and assaulting a police officer with intent to prevent him from performing his lawful duties. Although the police are required to issue an appearance ticket for possession of marihuana, they are authorized to make an arrest before the issuance of the ticket (CPL 150.75 [2]).

The court did not abuse its discretion in denying defendant's motion to set aside the verdict because of juror misconduct. The note sent by one of the alternate jurors to the foreman of the jury stating that the prosecution witnesses had lied did not prejudice defendant.

Defendant's sentence was not harsh and excessive.

Accordingly, the judgment is modified by reversing the conviction of unlawfully dealing with a child under the fourth count of the indictment, dismissing that count, and vacating the sentence imposed thereon. (Appeal from judgment of Oneida County Court, Merrell, J.—sodomy, third degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.