■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK BROWN, Appellant. [704 NYS2d 421] —Judgment unanimously affirmed. Memorandum: On this appeal from a judgment convicting him of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and one count of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), defendant contends that a search warrant executed on his property was defective. We reject that contention. Defendant was identified as the perpetrator of a theft and was the last person seen with several of the listed items. Therefore, it was reasonable to believe that evidence of the crime would be found in an area controlled by him (*see, People v Paccione,* 259 AD2d 563, *lv denied* 93 NY2d 975; *see also, People v Tambe,* 71 NY2d 492, 503).

The search warrant contained an overly broad command to seize "any other property the possession of which would be considered contraband" (*see, e.g., People v Conte,* 159 AD2d 993, 994, *lv denied* 76 NY2d 733; *see also, People v Giordano,* 72 AD2d 550, 551; *People v Niemczycki,* 67 AD2d 442, 444-445). That phrase may be stricken under the doctrine of severability (*see, People v Hansen,* 38 NY2d 17, 21-22; *People v Conte, supra,* at 994). Unlike in *People v Giordano (supra),* the items were lawfully seized under the plain view doctrine. Even without the offending phrase, the police would have been authorized to search the areas where they recovered the firearms (*see, People v Basilicato,* 64 NY2d 103, 115; *see also, People v Sage,* 204 AD2d 746, 747, *lv denied* 84 NY2d 832).

We reject defendant's contention that the People's announcement of readiness for trial was illusory. Even without the ballistics report, the People were still " 'technically positioned' " to go to trial (*People v Gutter,* 222 AD2d 330, 331), and they "could have proceeded to trial on the other charges in the indictment" (*People v Terry,* 225 AD2d 306, 307, *lv denied* 88 NY2d 886). Furthermore, even without consideration of the announcement of readiness, defendant was actually tried within the time period chargeable to the People (*see,* CPL 30.30 [1] [a]).

Because defendant's conviction is based on legally sufficient trial evidence, defendant's challenge to the sufficiency of the

evidence before the Grand Jury is not reviewable on appeal (*see*, CPL 210.30 [6]; *People v Wiggins*, 89 NY2d 872, 874). (Appeal from Judgment of Allegany County Court, Buscaglia, J.— Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.