The court properly denied defendant’s motion to suppress physical evidence. The police went to defendant’s apartment in response to a complaint that defendant had used a knife to threaten another person. Defendant opened the door to the officers while holding a knife and then placed it in plain view on a stove within two feet of his door, where food was cooking. Im *570 mediately after the police lawfully arrested defendant in his doorway, the exigent circumstances justified an officer’s minimal intrusion (see People v Febus, 157 AD2d 380, 384 [1990], appeal dismissed 77 NY2d 835 [1991]) of taking a few steps into the apartment, retrieving the knife to prevent defendant from being able to access it (see People v Wylie, 244 AD2d 247, 251 [1st Dept 1997], lv denied 91 NY2d 946 [1998]), and shutting off the stove burner. The fact that defendant was handcuffed and in custody of other officers just outside the "apartment is not dis-positive (see id.). Moreover, the officer’s entry was justified by the need to turn off the burner to prevent a hazard. Since the entry was permissible, the officer was authorized to seize the evidence found in plain view (see generally People v Brown, 96 NY2d 80, 89 [2001]). In any event, any error in admitting this evidence was harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Daniel-son, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury’s credibility determinations. The victim’s testimony established all the elements of second-degree menacing.
Defendant’s contention that the verdict was legally repugnant is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Muhammad, 17 NY3d 532 [2011]). Concur — Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.