◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE D. ALLEN, Appellant. [957 NYS2d 478]—

Kavanagh, J.

Defendant's sole contention on appeal is that County Court erred in denying his motion to suppress because a clause authorizing the search of "any person present" inside the apartment (CPL 690.15 [2]) was improperly included in the warrant, rendering the entire search warrant invalid. County Court found—and the People do not dispute—that probable cause did not exist for such a clause to be included in the search warrant. However, the court determined that the "any person present" provision could be severed from the rest of the warrant and the

remainder of the search warrant was otherwise valid (*see generally People v Mothersell*, 14 NY3d 358 [2010]). In addition, the court found that the cocaine and money were recovered by the police, not as a result of the "any person present" clause, but because defendant attempted to flee once the police had legally entered the premises and the police subsequently discovered the cocaine in plain view near defendant.

"It is now settled law that when a search warrant is partially but not wholly invalid, only the fruits of the invalid portion need be suppressed" (*People v Brown*, 96 NY2d 80, 85 [2001]; *see People v Hansen*, 38 NY2d 17, 21-22 [1975]). Here, the search warrant was not used by the police as a pretext to search other individuals who might be in the apartment (*see People v Hansen*, 38 NY2d at 21-22; *see also People v Paul*, 96 Misc 2d 1085, 1090 [1978]), and the facts set forth in the search warrant application established that probable cause existed authorizing a search of the entire apartment (*see People v Pinkney*, 90 AD3d 1313, 1315-1316 [2011]; *People v Bailey*, 80 AD3d 999, 1001 [2011], *lv denied* 18 NY3d 856 [2011]). As such, the warrant without the "any person present" clause was valid, and provided the police with the legal authority to enter the apartment and search it. Once inside, they had the right to detain defendant when he attempted to flee. Only then, and not as a result of the search of defendant or "any person present," did the police discover the packet of cocaine in plain view on the apartment floor. Since defendant was the only person seen in that area of the apartment, probable cause existed for his arrest for possession of the cocaine. A search of defendant's person incident to that arrest was then properly performed by the police, and the money was recovered. Simply stated, the contraband that defendant seeks to suppress was seized, not pursuant to the "any person present" provision of the warrant, but as the result of defendant's actions once the police were legally inside the apartment. Therefore, County Court's decision denying defendant's motion to suppress is in all respects affirmed (*compare People v Mothersell*, 14 NY3d at 360-361).

Rose, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.