People v Bishop (2018 NY Slip Op 03265)





People v Bishop


2018 NY Slip Op 03265


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


479 KA 16-00892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD BISHOP, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 4, 2016. The judgment convicted defendant, upon a nonjury verdict, of animal fighting. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by adding the phrase "other than farm animals" following the reference to "any animal" in the first ordering paragraph of the order dated April 4, 2016 and striking the second sentence of the first ordering paragraph therein and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of animal fighting (Agriculture and Markets Law § 351 [2] [d]). We reject defendant's contention that all of the property seized, i.e., the dog fighting paraphernalia aside from the dogs, should have been suppressed. Here, a search warrant authorized police to search the subject premises for "fighting dogs" and "for any personal papers or documents which tend to identify the owner, lessee or whomever has custody or control over the premises . . . searched or the items seized, and seize said property." "[L]aw enforcement officers may properly seize an item in plain view' without a warrant if (i) they are lawfully in a position to observe the item; (ii) they have lawful access to the item itself when they seize it; and (iii) the incriminating character of the item is immediately apparent" (People v Brown, 96 NY2d 80, 89 [2001]). In our view, there is no basis to disturb County Court's determination that the police discovered the dog fighting paraphernalia in plain view inasmuch as the hearing evidence demonstrated that one of the police officers involved in the search was in a lawful position to observe the items, had lawful access to the items and their incriminating character was immediately apparent to her, based on her personal experience in dog fighting cases (see id. at 89-90; People v Woods, 93 AD3d 1287, 1288-1289 [4th Dept 2012], lv denied 19 NY3d 969 [2012]).
Defendant failed to preserve for our review his related contention that the statement in the warrant that "there is probable cause to believe . . . that certain property has been used, or is possessed for the purpose of being used to commit a crime or offense" is overbroad as a matter of law and should be severed from the rest of the warrant. In any event, defendant's contention lacks merit. That language is a subpart to only the section of the warrant that stated that probable cause existed, not to the section of the warrant that instructed and authorized where and for what to search. There is thus no basis to sever that clause inasmuch as it is merely used as an introduction to the property to be seized and is not, as defendant contends, an independent provision authorizing an unconstitutional general search (cf. Brown, 96 NY2d at 88).
As the People correctly concede, the court's directive in the order dated April 4, 2016 that, "[t]o ensure compliance of this part of the [c]ourt's sentence, the defendant must submit to inspections of any premises which he owns or resides at by a duly licensed law enforcement agency or humane society" is not authorized by any applicable legislation and must be stricken. In addition, the court's directive under Agriculture and Markets Law § 374 (8) (c) in that order must specifically exempt farm animals, in accordance with the language of the statute. We [*2]therefore modify the judgment accordingly.
Finally, although not dispositive to the issues raised on appeal, we must voice our condemnation of the testimony of the drafter of the subject warrant that he was deliberately vague in drawing the warrant. That is an unacceptable practice and should be discontinued immediately because it is in direct contravention of the principles of the Fourth Amendment.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court