People v Hunt (2026 NY Slip Op 00677)

People v Hunt

2026 NY Slip Op 00677

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

63 KA 22-00171

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vTAJI HUNT, DEFENDANT-APPELLANT. 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 1, 2021. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment, entered following a jury trial on a consolidated indictment, convicting him of criminal possession of a controlled substance in the seventh degree (Penal Law former § 220.03). Defendant contends that County Court erred in refusing to dismiss the consolidated indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's total period of unreadiness for trial exceeded six months.
Contrary to defendant's contention, we conclude that the court properly determined that the period of delay between February 6, 2020 and February 13, 2020 was not chargeable to the People. Although defendant is correct that, during that time, which was prior to the consolidation of indictment Nos. I 2019-247 and I 2020-123, the People did not possess a laboratory report establishing a weight of the controlled substance in question as required for the second count of indictment No. I 2019-247, the People "could have proceeded to trial on the other charge[ ] in [that] indictment" (People v Brown, 269 AD2d 809, 809 [4th Dept 2000], affd 96 NY2d 80 [2001] [internal quotation marks omitted]; see People v Terry, 225 AD2d 306, 307 [1st Dept 1996], lv denied 88 NY2d 886 [1996]).
We agree with defendant, however, that we have no power to review the court's determination that the People are chargeable with the delay between January 15, 2020 and February 6, 2020, or, for that matter, its determination that 145 days total are chargeable to the People from the commencement of the proceeding until March 2, 2020 (see People v Session, 206 AD3d 1678, 1681 [4th Dept 2022]; see also CPL 470.15 [1]).
Defendant further contends that the court erred in failing to charge the People with two additional periods of delay, i.e., the period between September 22, 2020 and October 22, 2020, and the period between October 22, 2020 and November 13, 2020. The court, however, did not explicitly rule on the issues whether either or both of those periods were attributable to the People, and thus we are precluded from reviewing those issues on appeal (see Session, 206 AD3d at 1682). If both of those periods are attributed to the People, then they would exceed the applicable six-month period of 184 days (see CPL 30.30 [1] [a]). We therefore hold the case, reserve decision, and remit the matter to County Court to determine that part of defendant's supplemental omnibus motion seeking dismissal of the consolidated indictment pursuant to CPL 30.30 by ruling on the abovementioned outstanding issues (see Session, 206 AD3d at 1682; see generally People v Ballowe, 173 AD3d 1666, 1668 [4th Dept 2019]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court